# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Wave Petroleum Operating, LLC, ) | |
| ) | |
| Plaintiff and ) | |
| Counter Defendant, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| New IPT, Inc., ) | |
| ) | |
| Defendant and ) | |
| Counter Claimant, ) | |
| ) | |
| vs ) | |
| ) | |
| New IPT, Inc., ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Liberty Resources, II LLC d/b/a ) | |
| Liberty Resources, LLC; and ) | |
| Ed Cooper Consulting, Inc., ) | Case No. 1:19-cv-272 |
| ) | |
| Third Party Defendants. ) | |

On October 12, 2020, Defendant New IPT, Inc. ("New IPT") filed a Motion for Leave to File First Amended Third-Party Complaint. (Doc. No. 28). If allowed, New IPT's First Amended Third-Party Complaint would add Liberty Oilfield Services, LLC, as a party

On October 26, 2020, plaintiff filed a response to IPT's motion. (Doc. No. 31). It does not oppose New IPT's motion insofar as it requests to join Liberty Oilfield Services, LLC as a party. It does not agree with New IPT's recitation of the underlying facts, however.

On November 3, 2020, the parties filed a stipulation in which the agreed to extend Third-Party Defendant Ed Cooper Consulting, Inc.'s ("Ed Cooper") deadline for filing an answer or

1

otherwise responding to New IPT, Inc.'s Third-Party Complaint. (Doc. No. 32).

Rule 14 of the Federal Rules of Civil Procedure permits a defendant to implead a third party who is or may be liable to the defendant for all or part of the plaintiff's claim. Specifically, it provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). "The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." American Zurich Insurance Co. v. Cooper Tire & Rubber Co., 512 F .3d. 800, 805 (6th Cir. 2008). The decision to permit a defending party to implead a third-party defendant rests in the trial court's discretion. Payne v. Beef Products, Inc., No. 8:10CV33, 2010 WL 3909460, at *2 (D. Neb. Sept. 30, 2010) (quoting Agrashell, Inc. v. Hammons Prods. Co., 352 F.2d 443, 448 (8th Cir. 1965)).

At first blush it does not appear that New IPT is proposing to assert independent, freestanding claims against Liberty Oilfield Services, LLC . Rather, it is seeking indemnification from Liberty Oilfield Services, LLC for any liability it may have to plaintiff. As Liberty Oilfield Services, LLC alleged liability appears to hinge on the outcome of the main claims, the court is inclined to permit New IPT to file its third-party complaint. See Larson Mfg. Co. of S. Dakota, Inc. v. W. Showcase Homes, Inc., No. 4:16-CV-04118-LLP, 2017 WL 933068, at *2 (D.S.D. Mar. 8, 2017) ("Rule 14(a)(1) requires the third-party defendants' liability to be derivative of defendants' own liability to plaintiffs.").

Accordingly, the court **GRANTS** New IPT's motion (Doc. No. 28). New IPT shall have

until November 23, 2020, to file its First Amended Third-Party Complaint.  The court also **ADOPTS** the parties' stipulation (Doc. No. 32).  Once New IPT filed its First Amended Third-Party Complaint, Ed Cooper shall have 14 days in which to file an answer or otherwise respond.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2020.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

3